# In the United States Court of Federal Claims

Nos. 22-1380C, 22-1425C, 22-1436C, 22-1460C, 22-1462C, 22-1477C,
22-1492C, 22-1519C, 22-1549C, and 23-441C (consolidated)

Filed: May 3, 2023

|  |  |
|---|---|
| ALLICENT TECHNOLOGY, LLC, et al. **Plaintiffs** v. THE UNITED STATES **Defendant** and BRIGHTPOINT, LLC, et al. **Defendant-Intervenors** | **JUDGMENT** |

    Pursuant to the court's Opinion and Order, filed May 3, 2023, denying-in-part all motions insofar as they seek dismissal for lack of standing; denying Allicent's motion for judgment on the administrative record, granting defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1380C; granting-in-part and denying-in-part Ekagra's motion for judgment on the administrative record and granting-in-part and denying-in-part defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1425C; granting-in-part and denying-in-part CAN Softtech's motion for judgment on the administrative record and granting-in-part and denying-in-part defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1436C; granting-in-part and denying-in-part Syneren's's motion for judgment on the administrative record and granting-in-part and denying-in-part defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1460C; denying GenceTek's motion for judgment on the administrative record and granting defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1462C; denying RarisRex's motion for judgment on the administrative record and granting defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1477C; denying AttainX's motion for judgment on the administrative record and granting defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1492C; granting-in-part and denying-in-part JCS's's motion for judgment on the administrative record and granting-in-part and denying-in-part defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1519C; denying SaiTech's's motion for judgment on the administrative record and granting defendant's and defendant-intervenors' cross-motions for judgment on the administrative record as they relate to Case No. 22-1549C, and directing the entry of judgment pursuant to Rule 54(b), there being no just reason for delay,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that judgment is entered in favor of the defendant and defendant-intervenors as to Case Nos. 22-1380C, 22-1462C, 22-1477C, 22-1492C, and 22-1549C.

IT IS FURTHER ORDERED AND ADJUDGED that Ekagra's, CAN Softtech's, Syneren's and JCS's [Case Nos. 22-1425C, 22-1436C, 22-1460C, 22-1519C] requests for a declaratory judgment and for a permanent injunction are granted as follows:

a. The Department of Commerce's selections of contract awardees under Request for Proposal No. 1131L5-21-R-13OS-0006 for the Commerce Acquisition for Transformational Technology Services are declared to have been arbitrary and capricious; and

b. The United States, acting by and through the Department of Commerce, is permanently enjoined from proceeding with any performance of a contract awarded under Request for Proposal No. 1131L5-21-R-13OS-0006 for the Commerce Acquisition for Transformational Technology Services. The Government shall re-evaluate the technical proposals of Ekagra, CAN Softtech, Syneren, and JCS Solutions and issue new decision documents as necessary in a manner not inconsistent with the Court's Opinion and Order. The Government shall then make new contract award decisions.

Lisa L. Reyes
Clerk of Court

By:   s/ Debra L. Samler

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs. Filing fee is $505.00.